SHERMAN, J.
¶1 General Beer-Northeast, Inc. appeals an order of the circuit court directing General Beer and Johnson Distributing, Inc. to proceed with arbitration under WIS. STAT . § 125.33(10) (2015-16),[1] and denying General Beer's claim for declaratory and injunctive relief barring arbitration. Johnson made a demand for arbitration to determine the value of its former distribution rights to fermented malt beverages to which General Beer now holds the distribution rights. General Beer brought the present action for declaratory and injunctive relief, arguing that Johnson's demand for arbitration is time-barred under § 125.33(10). The circuit court concluded that the timeliness of Johnson's demand for arbitration must be determined in arbitration and not by that court, and ordered that the parties proceed with arbitration. For the reasons discussed below, we affirm.
BACKGROUND
¶2 We describe here only those facts that are relevant to this appeal. Central Waters Brewing Company is a "[b]rewer" as defined by WIS. STAT . § 125.02(2).[2] Johnson and General Beer are "[w]holesaler[s]" as defined by § 125.02(21).[3] In January 2008, Central Waters Brewing and Johnson entered into an agreement whereby Central Waters Brewing granted Johnson distribution rights to Central Waters Brewing's fermented malt beverages over a specified area in Wisconsin. The distributor agreement between Central Waters Brewing and Johnson terminated effective January 4, 2016.
¶3 Central Waters Brewing and General Beer entered into an agreement, also effective January 4, 2016, whereby Central Waters Brewing granted General Beer distribution rights to Central Waters Brewing's fermented malt beverages in much of the same area of Wisconsin in which Johnson formerly held distribution rights over Central Waters Brewing's fermented malt beverages. At that time, General Beer became a "[s]uccessor wholesaler" and Johnson became a "[t]erminated wholesaler" with respect to the distribution rights of Central Waters Brewing's fermented malt beverages. See WIS. STAT . § 125.33(10)(a)3. and 4.[4]
¶4 Subject to four exceptions set forth in WIS. STAT . § 125.33(10)(c), which are not at issue here, a "successor wholesaler shall compensate a terminated wholesaler for the fair market value of the terminated wholesaler's distribution rights to any discontinued brand[5] of fermented malt beverages assumed by the successor wholesaler for the same territory," less any amount paid to the terminated wholesaler by the brewer. Sec. 125.33(10)(b) (footnote added). Section 125.33(10)(d) provides for arbitration if a terminated wholesaler and successor wholesaler cannot agree on the fair market value of the distribution rights that have been terminated and assumed by the successor wholesaler. The subsection provides in pertinent part:
[u]pon written demand of either party, the parties shall submit their dispute for binding arbitration, subject to [ WIS. STAT .] ch. 788 .... The arbitration shall be conducted on an expedited basis to the extent an expedited proceeding is available. The arbitration shall commence within 90 days after the successor wholesaler obtains rights to receive a supply of a brand of fermented malt beverages, that is a discontinued brand of fermented malt beverages, of the terminated wholesaler, unless this time period is extended by mutual agreement of the parties or by the arbitrator.
Sec. 125.33(10)(d).
¶5 Johnson and General Beer attempted, but were ultimately unable, to reach an agreement as to the fair market value of Johnson's distribution rights to Central Waters Brewing's fermented malt beverages. On June 22, 2016, more than ninety days after General Beer obtained the rights to distribute Central Waters Brewing's fermented malt beverages in areas in which Johnson previously held distribution rights, Johnson made a demand for arbitration. Thereafter, General Beer brought the present action seeking a declaration that Johnson is barred from proceeding with arbitration because Johnson failed to commence arbitration within ninety days of General Beer's obtaining Johnson's distribution rights to Central Waters Brewing's fermented malt beverages, and General Beer moved the circuit court for declaratory and injunctive relief barring Johnson from proceeding with arbitration. Johnson objected, arguing that the parties had mutually agreed to extend the ninety-day time period for commencement of arbitration specified in WIS. STAT . § 125.33(10)(d).
¶6 The circuit court ultimately denied General Beer's requests for declaratory and injunctive relief. The court determined that under WIS. STAT . § 125.33, the parties have a statutory obligation to arbitrate and that the issue of whether Johnson's demand for arbitration timely commenced arbitration on the ground that the parties had by their conduct extended the ninety-day time period for commencement of arbitration specified in § 125.33(10)(d) should be determined in arbitration, not by the court. General Beer appeals.
DISCUSSION
¶7 The parties do not dispute that their disagreement over the fair market value of Johnson's distribution rights is subject to arbitration under WIS. STAT . § 125.33(10). Instead, they dispute whether Johnson timely commenced arbitration and in what forum that dispute should be resolved. We agree with the circuit court that whether Johnson failed to timely commence arbitration should be determined by the arbitrator, not by the court. Accordingly, we limit our discussion to that issue and do not address arguments made by the parties that go to the question of whether Johnson timely commenced arbitration.[6]
¶8 General Beer argues that the circuit court was the proper forum for determining timeliness because "under [ WIS. STAT .] § 125.33(10), the arbitrator is limited to determining the fair market value of the distribution rights in question." In General Beer's view, an arbitrator would exceed his or her power under WIS. STAT . § 125.33 if the arbitrator were to determine that Johnson did or did not timely commence arbitration under § 125.33(10) because the parties had by their conduct extended the ninety-day time period for commencing arbitration specified in § 125.33(10)(d).
¶9 In First Weber Group, Inc. v. Synergy Real Estate Group, LLC , 2015 WI 34, 361 Wis. 2d 496, 860 N.W.2d 498, our supreme court concluded that the question of whether a request for arbitration was timely is to be determined in arbitration and not in the circuit court, unless the parties have agreed otherwise. See id. , ¶¶ 32, 37, 47-49. In concluding that the timeliness of the request should be determined in arbitration, the First Weber court focused on the distinction between substantive and procedural arbitrability. See id. , ¶¶ 34-46. Substantive arbitrability refers to whether the dispute involves a subject matter that parties have contracted to submit to arbitration, and is generally determined by the court. Id. , ¶ 34. Procedural arbitrability refers to " 'issues such as whether certain procedures apply to a particular dispute, whether such procedures were followed or excused, and whether unexcused failure to follow procedure avoids the duty to arbitrate.' " Id. (quoted source omitted). Procedural arbitrability also includes issues relating to whether prerequisites to an obligation to arbitrate, such as time limits, notice, and other conditions precedent, have been satisfied. Id. , ¶ 37. The First Weber court concluded that issues of procedural arbitrability, including timeliness, "are to be resolved during arbitration, rather than by a court, unless the parties agreed otherwise." Id.
¶10 General Beer argues that First Weber is distinguishable and not binding in this case because First Weber involved an agreement to arbitrate, whereas this case involves a statutory mandate to arbitrate. However, General Beer does not point this court to any language in First Weber , and we do not see any, that the court's reasoning is limited to those situations where arbitration of an issue is contractual as opposed to statutory. Moreover, in both First Weber and in the present case, arbitration of the parties' disputes are governed by WIS. STAT . ch. 788. See First Weber , 361 Wis. 2d 496, ¶ 17, and WIS. STAT . § 125.33. Accordingly, we perceive no reason not to follow First Weber regarding the resolution of the timeliness of a demand for arbitration under § 125.33(10).
¶11 Separately, General Beer appears to be arguing that because WIS. STAT . § 125.33 does not specifically provide that the timeliness of a party's request for arbitration should be determined in arbitration, that issue cannot be determined in arbitration but must instead be determined in court. General Beer fails to point this court to any legal authority supporting this argument, see Kruczek v. DWD , 2005 WI App 12, ¶ 32, 278 Wis. 2d 563, 692 N.W.2d 286 (2004), and we conclude that General Beer's argument is contrary to the supreme court's holding in First Weber that all procedural issues, including the issue of timeliness, are to be determined during the arbitration process, unless otherwise provided.[7]
CONCLUSION
¶12 For the reasons discussed above, we affirm.
By the Court. -Order affirmed.
Not recommended for publication in the official reports.

Wisconsin Stat . § 125.33(10) provides that a wholesaler of fermented malt beverages whose agreement to distribute those beverages has been "terminated, cancelled, or [has not been] renew[ed]" may be compensated for the value of those distribution rights by the successor wholesaler of those distribution rights.
All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Wisconsin Stat . § 125.02(2) defines "[b]rewer" as "any person who manufactures fermented malt beverages for sale or transportation, except that 'brewer' does not include a permittee under [ Wis. Stat . §] 125.295."

Wisconsin Stat . § 125.02(21) defines "[w]holesaler" as "a person, other than a brewer, brewpub, manufacturer, or rectifier, who sells alcohol beverages to a licensed retailer or to another person who holds a permit to sell alcohol beverages at wholesale."

Wisconsin Stat . § 125.33(10)(a)3. defines "[s]uccessor wholesaler" as:
any wholesaler who enters into an agreement ... to obtain a supply of a brand of fermented malt beverages that is a discontinued brand, or otherwise acquires the right to act as a wholesaler for a discontinued brand, from a brewer ... for purposes of selling the discontinued brand in a specifically defined territory, if the discontinued brand was sold by a terminated wholesaler in any portion of this same territory at a time immediately before the brand of fermented malt beverages became a discontinued brand.
"Terminated wholesaler" is defined as "a wholesaler with whom a brewer ... has terminated, cancelled, or failed to renew an agreement, whether oral or written, to supply a brand of fermented malt beverages to that wholesaler." Wis. Stat . § 125.33(10)(a)4.

"Discontinued brand" is defined as "any brand of fermented malt beverages for which a brewer ... has terminated, cancelled, or failed to renew an agreement ... with the wholesaler to supply that brand." Wis. Stat . § 125.33(10)(a)2.

Both parties devote significant portions of their briefs on appeal to the question of timeliness. The circuit court did not reach that issue because it concluded that the timeliness issue should be determined in arbitration; for the same reason, neither do we.

As best we can tell, General Beer also argues that the court should determine the timeliness of Johnson's request for arbitration because the ninety-day time period is imposed by statute and "construction of a statute is properly the function of the court, not an arbitrator." General Beer fails to point this court to any legal authority supporting its apparent assertion that an arbitrator can never construe a statute. We do not consider arguments unsupported by reference to legal authority. See Kruczek v. DWD , 2005 WI App 12, ¶ 32, 278 Wis. 2d 563, 692 N.W.2d 286 (2004).